**SO ORDERED: May 17, 2012.**



**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JEFFREY STEPHEN TAYLOR | ) | CASE NO. 05-3312-AJM-13 |
| SARA JO TAYLOR | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| JEFFREY STEPHEN TAYLOR | ) | Adversary Proceeding |
| and SARA JO TAYLOR | ) | No. 11-50299 |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| CHASE HOME FINANCE, LLC. | ) | |
| f/k/a WASHINGTON MUTUAL BANK | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**ORDER ON DEFENDANT'S MOTION
TO DISMISS ADVERSARY PROCEEDING WITH PREJUDICE**

This matter is before the Court on the Defendant's Motion to Dismiss Adversary

1

Proceeding With Prejudice and the Plaintiffs' objection.  Hearing on the Motion and the objection were held on March 22, 2012 wherein Sally O'Connor and Mark Zuckerberg appeared for Jeffrey and Sara Taylor (the "Plaintiffs") and Weston Overturf appeared for Chase Home Finance, LLC (the "Defendant'). The Court took the matter under advisement and gave the parties thirty (30) days to file post hearing briefs, which have been filed.  This order constitutes findings and conclusions to the extent required by Fed. R. Bankr. P. 7052.

### *Background*

Washington Mutual Bank  ("WAMU") held a mortgage on the Plaintiffs' residence.  The Defendant is the successor to WAMU.  When the Plaintiffs filed their chapter 13 case on March 3 2005, they filed their chapter 13 plan which provided that the arrearage owed to WAMU would be paid through the plan. The plan was confirmed on May 11, 2005 (the "Confirmation Order") and the trustee paid the full amount of the arrearage as provided for in the plan.  However, the Plaintiffs failed to complete other payments under the Plan and instead moved for a hardship discharge which was entered on September 3, 2009.

On April 10, 2010, the Plaintiffs filed a complaint against the Defendant, alleging violation of the post discharge injunction (the "2010 Adversary Proceeding").  The Plaintiffs and the Defendant entered into a Mutual Release and Settlement Agreement (the "Settlement Agreement") on November 10, 2010 and later filed a "Joint Stipulation of Dismissal" on December 3, 2010.  The 2010 Adversary Proceeding was closed on December 6, 2010.  The Plaintiffs have now filed this second complaint with respect to acts committed after the Settlement Agreement was approved, alleging, among other

2

things, that the Defendant (1) misapplied post confirmation, post discharge payments (2) denied the Plaintiffs access to their online account (3) suspended their tax and insurance escrow account, forcing the Plaintiffs to have to pay their mortgage insurance out of pocket and ultimately causing the policy to be cancelled; (4) attempted to foreclose on the Plaintiffs' residence due to alleged arrears and (5) damaged the Plaintiffs' credit rating by improperly reporting information to credit bureaus.  The Plaintiffs filed this second complaint alleging breach of the Settlement Agreement (Count I), willful violation of the discharge injunction (Count II) and Violation of the Confirmation Order (Count III).

The Defendant has moved to dismiss the complaint with prejudice, alleging that the Court lacks subject matter jurisdiction over Count I, and that Count II and III fail to state a claim as the debt owed to the Defendant was not discharged (Count II) and the confirmation order was rendered moot (Count III) by the Plaintiffs' hardship discharge.

## *Discussion*

### *Rule 12(b)(6) - Failure to State a Claim for Relief*

The Defendant bases its motion on F. R. Civ P. 12(b)(6).  Fed. R. Bankr. Pro. 7012 provides that F.R. Civ. P. 12(b) applies to bankruptcy adversary proceedings. Where the defendant challenges the sufficiency of the complaint under Rule 12(b)(6), "notice" pleading requires only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief, see Fed. R. Bankr. P. 7008.  A complaint nonetheless must include "enough facts to state a claim for relief that is plausible on its face" and must provide "more than labels and conclusions" as a "formulaic recitation of the elements of a cause of action will not do".  *Bell Atl. Corp. v.*

3

*Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,1965, 167 L.Ed.2d 929 (2007).  A claim

satisfies the "plausibility" standard if the factual allegations "raise a right to relief above

the speculative level".  *Id*.  See also, *Zemeckis v. Global Credit & Collection Corp*., —

F.3d —, 2012 WL 1650479 (7th Cir. 2012).

Where the defendant contends that the complaint should be dismissed because

the plaintiff has not stated a claim for relief, the Court accepts every factual allegation in

the plaintiff's complaint, and dismissal of the complaint is proper only if there is no legal

theory upon which the plaintiff could recover.  See, *Village of Rosemont v. Jaffe*, 482

F.3d 926, 936 (7th Cir. 2007); *Kristofek v. Village of Orland Hills*, 2012 WL 1623214 at

*2 (N. D. Ill. 2012).

### Count I - Breach of Settlement Agreement

District Courts have "original and exclusive" jurisdiction of all cases under Title 11

(bankruptcy cases) and original jurisdiction over proceedings "arising under" a

bankruptcy case, "arising in" a bankruptcy case or "related to" a bankruptcy case.  See,

28 U.S.C. §1334(a) and (b).  The District Court refers these types of cases and

proceedings to the bankruptcy court of its district.  "Core proceedings" are proceedings

which "arise in" a bankruptcy case or "arise under" a bankruptcy case.  See, *Ortiz v.

Aurora Health Care*, 665 F.3d 906, (7th Cir. 2011) ,quoting, *Stern v. Marshall*, 131 S.Ct.

2594, 2605 (2011).  Bankruptcy judges are authorized under the statutory scheme set

forth in 28 U.S.C. §157 to enter final orders and judgments on such "core proceedings".

Among the types of "core proceedings" enumerated in 28 U.S.C. §157are proceedings

"affecting the liquidation of the assets of the estate or the adjustment of the debtor-

4

creditor or the equity security holder relationship..." 28 U.S.C. §157(b)(2)(O).

Bankruptcy judges may also hear, *but may not enter final orders or judgments on,* proceedings which are "related to" the bankruptcy case. For a proceeding to be "related to" the bankruptcy case, the proceeding must affect the amount of property available for distribution or the allocation of property among creditors. *In re Xonics,* Inc., 813. F.2d 1217, 130 (7th Cir. 1987).

Count I which alleges a breach of the Settlement Agreement is not a "core proceeding" because it does not fit into any of the categories of enumerated "core proceedings" set forth in 28 U.S.C. §157(b)(2), including, subsection (O), which involves the liquidation of the assets of the estate nor the adjustment of the debtor-creditor relationship. It is not a claim that "arises in " a bankruptcy case or "arises under" a bankruptcy case.

The Court can still hear, but not decide, non core matters, but they must be matters that are "related to " the bankruptcy case. The breach of Settlement Agreement claim does not fit that description. The Plaintiffs have received their chapter 13 discharge. There is nothing left for the court to administer in the way of estate assets or to determine regarding distribution of assets among creditors. Any recovery the Plaintiffs realize from the breach of the Settlement Agreement will not affect the amount of property available for distribution or the allocation of property among creditors.

The *Joint Stipulation of Dismissal* filed in the 2010 Adversary Proceeding neither incorporated the terms of the Settlement Agreement nor provided that the bankruptcy court retained jurisdiction over disputes related to the Settlement Agreement. Unless

5

there is an independent basis upon which to confer federal bankruptcy jurisdiction, this Court does not have subject matter jurisdiction to hear Plaintiffs' breach of settlement agreement claim. The Court has already established that this is not a "core proceeding". The Court now finds that it is not a "related to" proceeding. See, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 382, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994) (absent failure to make terms of settlement agreement part of the dismissal order or to include a provision in the dismissal order that the court retained jurisdiction, "a plaintiff must enforce his settlement agreement in state court unless there is some independent basis for federal jurisdiction"); *Pollilo v. Harleysville Nat'l Bank*, 2010 WL 235125 (Bankr. E. D. Pa. 2010) (bankruptcy court lacked jurisdiction to hear chapter 13 debtor's breach of settlement claim, related to settlement where creditor agreed to release lien on car and provide clear title to debtor upon debtor's chapter 13 discharge). Thus, the Court does not have jurisdiction over the Plaintiffs' breach of Settlement Agreement and therefore Count I should be dismissed under Rule 12(b)(1).

### Count II: Violation of the Discharge Injunction

The Defendant contends that Count II should be dismissed because the mortgage debt was not discharged, and where the debt was not discharged, there can be no violation of the discharge injunction. The Court agrees that the chapter 13 discharge did not discharge the Plaintiffs' ongoing  mortgage obligation owed to the Defendant as claims on which the last payment is due after the final plan payment is due are expressly excepted from discharge under §1322(b)(5), §1328(a) and §1328(c)(1). *In re Padilla*, 389 B.R. 409, 419 (Bankr. E. D. Pa. 2008).  However, the pre petition arrears owed to the Defendant were due before the final plan payment was

6

due and were paid in full as provided for under the confirmed plan.  Any liability with respect to that portion of the debt presumably would have been discharged.  A violation of the discharge injunction potentially could have occurred had the Defendant attempted to collect additional sums it alleged were owed pre petition.  But, the allegations contained in the Plaintiffs' complaint deal exclusively with sums incurred post Settlement Agreement (which occurred after the discharge) and nowhere do the Plaintiffs tie the Defendant's acts with the collection of additional pre petition amounts.  Thus, even taking the Plaintiffs' Count II allegations as true, they nonetheless fail to state a claim and should be dismissed.

### Count III: Violation of the Confirmation Order

The Defendant argues that the Confirmation Order "was no longer in operation" at the time the Defendant committed the post-discharge acts alleged in the complaint because it had expired upon the entry of the Plaintiffs' hardship discharge.

A confirmed plan constitutes a new binding contract between the debtor and his or her creditors under §1327(a), supplementing or superceding the pre-petition legal relationship with creditors.  *Id.*, at 420.  The Defendant has not cited, nor has the Court found, cases that hold that any type of chapter 13 discharge vitiates that new legal relationship.  Rather, at least one court has held that alleged violations of a confirmation order may be remedied by §105, even as much as three years after the chapter 13 case had been closed.  *Id.* at 413 and 423-424.  Granted, the Confirmation Order here did not specifically order the Defendant to do anything, thus making it unlikely that a violation of the Confirmation Order would be punishable by sanctions.  However, taking the Plaintiff's allegations as true, the Court finds that Count III states a claim in that the

7

acts committed by the Defendant compromised the new legal relationship created by the Confirmation Order.  The violation of the Confirmation Order in this sense under §1327(a) is remedied under §105 and therefore the Court concludes that Count III should not be dismissed.

For the reasons stated, the Court DISMISSES Counts I and II with prejudice and DENIES the Defendant's motion with respect to Count III.

# # #

Distribution:
Mark Zuckerberg / Sally O'Connor, Attorneys for the Plaintiffs
Weston Overturf, Attorney for the Defendant